IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY BYLER, | ) |
|     Plaintiff, | ) |
| v. | ) |
| UNION TOWNSHIP, PENNSYLVANIA; | )   2:04cv321 |
| STEPHEN M. GALIZIA, Township | ) |
| Supervisor in his individual capacity; | ) |
| PATRICK ANGIOLELLI, Township | ) |
| Supervisor in his individual capacity, | ) |
|     Defendants. | ) |

## MEMORANDUM ORDER

Before the Court for consideration and disposition is the MOTION FOR SUMMARY JUDGMENT filed on behalf of all defendants (*Document No. 12*).  The issues have been fully briefed, and the matter is ripe for disposition.  *See* Document Nos. 13 & 18.

Plaintiff Sally Byler ("Plaintiff") was Secretary/Treasurer of defendant Union Township, Pennsylvania ("Union Township") from January of 2002 until January of 2004.  In her three-count Complaint filed pursuant to 42 U.S.C. § 1983,[1] Plaintiff alleges that defendants Stephen M. Galizia ("Galizia") and Patrick Angiolelli ("Angiolelli"), both of whom are Township Supervisors, failed to re-appoint (*i.e.*, fired) her from her position as the Secretary/Treasurer of Union Township because she supported one of their opponents in the 2003 election for Township Supervisor.[2]  Plaintiff also alleges that Galizia and Angiolelli failed to re-appoint her after the election because they wanted to appoint one of their own political supporters to the position of Secretary/Treasurer.  Plaintiff's theory is that she was deprived of "her right to believe in, associate with, and work for whichever political candidate she chooses under the First Amendment of the U.S. Constitution ..."  Complaint at p. 6.

---

[1] Count I is against Union Township, Count II is against Galizia, and Count III is against Angiolelli.  The allegations of each count are basically the same.

[2] Union Township is governed by a three-member Board of Supervisors.

The law governing Plaintiff's claims is as follows:

> Political discrimination case employs similar, though not identical, burden-shifting mechanisms as those used in other employment discrimination contexts, such as Title VII cases. To make out a *prima facie* case, public employees who claim that they suffered from an adverse employment action based on their exercise of a constitutional right must show that they worked for a public agency in a position that does not require a political affiliation, that they were engaged in constitutionally protected conduct, and that the conduct was a substantial or motivating factor in the government's employment decision. Once the employee makes this demonstration, the employer may avoid a finding of liability by proving by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity.

*Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997) (citations omitted); *see also Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir. 1995). The Court has thoroughly reviewed the evidence of record and finds ample evidence to create a genuine issue of material fact as to whether Plaintiff was terminated due to her political affiliation and/or activities.[3]

Defendants contend, *inter alia*, that the Court should grant their Motion for Summary Judgment because Galizia and Angiolelli are entitled to absolute legislative immunity and qualified immunity. As to absolute legislative immunity, the Court finds that Plaintiff's termination was not "legislative" or "administrative" in character, and therefore Defendants cannot avail themselves of absolute legislative immunity. *See Carver v. Foerster*, 102 F.3d 96, 100 (3d Cir. 1996) (to qualify for absolute legislative immunity, "the act must be (1) substantively legislative, such as 'policy-making of a general purpose' or 'line-drawing'; and (2) procedurally legislative, such that it is 'passed by means of established legislative procedures.'").

The Court also finds that Defendants are not entitled to qualified immunity. The analysis for determining whether qualified immunity applies was explained by the United States Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001):

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional

---

[3] For example, Galizia allegedly told Clair Damon, who ran against Galizia in the election, that any Union Township employee who supported Damon and did not support Galizia would be fired. Additionally, Galizia allegedly told Byler that she should "enjoy her free ride ... because in January [2004] she would be gone." Affidavit of Clair Damon at ¶¶ 6-7.

right? This must be the initial inquiry. ... If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier*, 533 U.S. at 201. Over a well-reasoned dissent by Judge Smith, in *Wright v. City of Philadelphia*, 409 F.3d 595 (3d Cir. 2005), the Third Circuit interpreted *Saucier* and the Supreme Court's subsequent opinion in *Brosseau v. Haugen*, 543 U.S. 194 (2004) to establish "a two-step qualified immunity inquiry, with the first step being the 'constitutional issue' and the second step being 'whether the right was clearly established.'" *Wright*, 409 F.3d at 601. Finally, in the Third Circuit "qualified immunity is an objective question to be decided by the Court as a matter of law." *Carswell v. Borough of Homestead*, 381 F.3d 235, 242 (3d Cir. 2004) (*citing Doe v. Groody*, 361 F.3d 232, 238 (3d Cir. 2004)).

As mentioned above, there is ample evidence from which a jury could find that Defendants violated Plaintiff's First Amendment rights when she was terminated. As to the second step, it has been unconstitutional for public agencies to discharge non-policymaking employees based on their political affiliations since the Supreme Court's decision in *Elrod v. Burns*, 427 U.S. 347 (1976). *See also Stephens, supra*, 122 F.3d at 176. Therefore, Defendants are not entitled to qualified immunity.

NOW THEREFORE, this 27th day of January, 2006, it is hereby ORDERED that Defendants' Motion for Summary Judgment is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Samuel J. Cordes, Esquire
      Email: scordes@ocmilaw.com

      Robert J. Grimm, Esquire
      Email: rgrimm@swartzcampbell.com