IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY BYLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNION TOWNSHIP, PENNSYLVANIA, et al )<br>)<br>Defendant. ) | Civil Action No. 04 - 321 |

**ORDER FOR MEDIATION**

A mediation in the above captioned case is scheduled before Magistrate Judge Lisa Pupo Lenihan on **April 3 2006, at 9:30 AM**, in Room 301 of the U.S. Post Office and Courthouse, 7th and Grant Streets, Pittsburgh Pennsylvania.

The conference shall be attended by an authorized representative of each party, together with trial counsel for each party. An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be made in whole or part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions. A corporate party shall send a representative with full and complete authority to bind the company. A governmental entity shall send a representative authorized to act on its behalf. Failure to produce the appropriate persons at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel.

No later than **March 27, 2006**, each party shall submit a confidential mediation statement to the magistrate judge. The mediation statement shall not become part of the file of the case, but

shall be for the exclusive use of the magistrate judge in preparing for and conducting the mediation.

The mediation statement shall contain a specific recitation of the facts, a discussion of the strengths and weaknesses of the case, the parties' position on settlement, including a present settlement proposal, and a report on settlement efforts to date. Copies of any **critical** agreements, business records, photographs or other documents or exhibits shall be attached to the mediation statement. The mediation statement should not be lengthy, but should contain enough information to be useful to the magistrate judge in analyzing the factual and legal issues in the case. The parties are directed to be candid in their statements, but are not required to disclose their final settlement authority.

The statements should not be filed with the clerk of courts, but should be mailed or faxed to the magistrate judge. Copies of the mediation statement <u>shall not</u> be provided to the other parties in the case and will not become part of the case docket.

Counsel are directed to confer with their clients in advance of the conference to explore the party's settlement position, and the parties are encouraged to exchange settlement proposals prior to the conference. These steps will enable the conference to progress more expeditiously.


Dated: <u>March 15, 2006</u>                             s/Lisa Pupo Lenihan
                                                         Lisa Pupo Lenihan
                                                         United States Magistrate Judge

cc: Judge Terrence F. McVerry

    Samuel J. Cordes
    Ogg, Cordes, Murphy & Ignelzi
    245 Fort Pitt Boulevard
    Fourth Floor
    Pittsburgh, PA 15222

    Robert J. Grimm
    Swartz Campbell
    Suite 4750 US Steel Tower
    600 Grant Street
    Pittsburgh, PA 15219